UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

Case No. 1:08-cv-576

HON. JANET T. NEFF

## OPINION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Correctional Medical Services, Inc.; Badawi M. Abdellatif, M.D.; and Sarah Hope Heebsh, P.A. filed a Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Dkt 21). Defendant Joseph Robert Burtch, D.O. filed a Motion to Dismiss and/or Motion for Summary Judgment (Dkt 24). Defendants Karen Peters, Thomas Birkett, Mary Berghuis, Rick Smith, Karen Rich, Julie Vansetters, and Charlotte Burdette filed a Motion to Dismiss and/or Motion for Summary Judgment (Dkt 42). In each motion, Defendants argued that Plaintiff failed to exhaust his administrative remedies and failed to state a claim upon which relief can be granted. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant in part and deny in part the Motion to Dismiss of Defendants Correctional Medical Services, Abdellatif, and Heebsh; grant Defendant Burtch's Motion to Dismiss; grant the Motion to Dismiss and/or Motion for Summary Judgment of Defendants Peters, Birkett, Berghuis, Smith, Rich, Vansetters, and Burdette; and dismiss the claims against Defendants Belanger and Simmons for failure to timely effect service (Dkt 53).

1

The matter is presently before the Court on the objections of Defendants Correctional Medical Services, Abdellatif, Heebsh, and Burtch (Dkt 55) and the objections of Plaintiff (Dkt 59) to the Report and Recommendation. Defendants filed a response to Plaintiff's objections (Dkt 60), and Plaintiff filed a reply to the response to Plaintiff's objections (Dkt 62).

I

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

A

Defendants first object to the Magistrate Judge's finding that Plaintiff's Grievance No. LRF-07-05-766-12I was properly exhausted. Defendants argue that the grievance was untimely filed at Step II, and, therefore, should be dismissed as evidence of exhaustion.

Defendants' argument is without merit.

In *Woodford v. Ngo*, the Supreme Court held that "proper exhaustion requires compliance with an agencies deadlines and other critical procedural rules. . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The *Woodford* Court also noted that the law of habeas corpus has procedural rules that are substantively similar to the administrative exhaustion rules for § 1983 claims. *Id.* at 92. Both the Supreme Court and the Sixth Circuit Court of Appeals have held that procedural default is only properly applied where the rule is actually relied upon by the state courts. *See* C*ounty Court of Ulster County, N.Y. v. Allen*, 442 U.S. 140 (1979); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *Meeks v. Bergen*, 749 F.2d 322, 325 (6th Cir. 1984).

In this case, Plaintiff's grievance was not rejected as untimely when it was originally filed. While Plaintiff may have failed to file the Step II Grievance in accordance with Michigan Department of Corrections procedure, prison officials did not rely on the default by rejecting the grievance as untimely.

2

Because prison officials evaluated Plaintiff's grievance on the merits and did not reject it on procedural grounds, Defendants may not now assert that the grievance fails to exhaust administrative remedies due to its untimeliness. Consequently, Defendants' first objection is denied.

Defendants' second objection is to the Magistrate Judge's determination that Plaintiff has sufficiently stated a claim that Defendant Abdellatif's alleged refusal to provide Plaintiff with medical gloves states a claim for violation of Plaintiff's Eighth amendment rights. Defendants argue that Plaintiff has not demonstrated he has a serious medical condition and that Plaintiff's allegations, at most, demonstrate negligent care, which does not rise to the level of deliberate indifference.

Defendants' argument is without merit.

The Magistrate Judge noted that Plaintiff's only properly exhausted claim was his claim that Dr. Abdellatif failed to supply him with medical gloves. This claim is interpreted by the Court as implicating Plaintiff's right to be free from cruel and unusual punishment. Such a claim for the deprivation of medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 835). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* The Supreme Court has said that "an inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

In this case, Plaintiff alleges that the denial of gloves led to a urinary tract infection, which, in turn, led to his hospitalization for eight days (Compl. 6-7). In *Westlake v. Lucas*, the Sixth Circuit said, "We believe that a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Plaintiff does not allege that Dr. Abdellatif's failure to supply him with gloves was inadvertent or merely a disagreement over the adequacy of the treatment. Plaintiff alleges that Dr. Abdellatif's denial of gloves was deliberate and in retaliation for a civil action Plaintiff had filed against Dr. Abdellatif (Compl. 6-7; Step II Griev. No. LRF-07-05-766-12I).

As the Magistrate Judge noted, when considering a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in his favor. *See Herron v. Harrisno,* 203 F.3d 410, 414 (6th Cir. 2000). In light of this standard, the Magistrate Judge properly determined that Plaintiff has stated an Eighth Amendment claim against Dr. Abdellatif, and Defendants' objection is denied.

B

Turning to Plaintiff's objections, Plaintiff first argues that the Magistrate Judge erred in recommending that his claim against Defendants Belanger and Simmons be dismissed without prejudice for failure to timely effect service. Plaintiff argues that he was unable to effect service because Defendants Belanger and Simmons no longer work for the Michigan Department of Corrections. Plaintiff further argues that this Court should have inferred from the fact that he was unable to effect service a request for help from the Court to do so pursuant to FED. R. CIV. P. 4(c)(3).

Plaintiff's argument is without merit. Rule 4(c)(3) provides that at plaintiff's request for the court to effect service, "[t]he court must so order if the plaintiff is authorized to proceed *in forma pauperis*."

As the Magistrate Judge noted, because Plaintiff was not proceeding *in forma pauperis,* he was responsible for service of the complaint on Defendants (Dkt 2).

Plaintiff's second objection is to the Magistrate Judge's recommendation that Grievance No. LRF 02-06-00224-12E3 be dismissed for failure to timely file the Step III grievance. Plaintiff argues that his failure to timely file was due to delay in the inter-departmental mail system.

Plaintiff's argument is without merit.

The Magistrate Judge noted that this grievance was not pursued in accordance with the guidelines established by the Michigan Department of Corrections and was "rejected as untimely filed." The Magistrate Judge also pointed out that the grievance references "Nurse Simmons," a defendant that has not been served in this matter. Even if Plaintiff's grievance had been properly exhausted, it fails to serve to exhaust any of Plaintiff's claims against the moving Defendants.

Plaintiff's third objection is to the Magistrate Judge's recommendation that the claims against Defendants Rich and Burdette in Grievance No. LRF-07-05-0076-12I be dismissed. Plaintiff argues that the grievance was exhausted.

Plaintiff's argument is without merit.

Plaintiff's reference to Defendant Burdette is misplaced, as she is not referenced in the grievance or in the Magistrate Judge's recommendation regarding this grievance. Further, as the Magistrate Judge noted, Plaintiff's complaint does not allege that Defendant Rich refused to supply him with medical gloves, which is the allegation in the grievance. The Magistrate Judge therefore properly determined that Grievance No. LRF-07-05-0076-12I cannot serve to exhaust a claim against Defendant Rich that does not exist.

Plaintiff's fourth objection references his purported retaliation claim. In his objection, Plaintiff argues that Dr. Abdellatif retaliated against Plaintiff because of a civil action filed against Dr. Abdellatif. Plaintiff claims that the denial of gloves was the form of retaliation.

Plaintiff's argument is without merit.

The Magistrate Judge properly noted that Grievance No. LRF-08-03-00268-12DI contained an allegation that Dr. Abdellatif deliberately subjected him to an overdose of Coumadin in retaliation for being sued by Plaintiff but that Plaintiff's complaint contained no such allegation.  The Magistrate Judge therefore properly determined that Grievance No. LRF-08-03-00268-12DI does not serve to exhaust any of the claims made in the complaint.

Plaintiff's final objection is to the Magistrate Judge's determination that Grievance No. LRF-08-01-00118-28I did not properly exhaust his administrative remedies because Plaintiff failed to properly pursue this grievance in accordance with Michigan Department of Corrections guidelines.  This grievance was rejected at all three steps of the grievance process because of Plaintiff's "failure to attempt to resolve [the dispute] with staff member involved" as required.  Plaintiff argues that he followed the proper procedure in pursuing this grievance.

Plaintiff's argument is without merit.  Plaintiff asserts that he tried to resolve the dispute, but he presents no facts that demonstrate any error in the Magistrate Judge's analysis.

II

An Order will be entered consistent with this Opinion.


Dated: March 31, 2009                              /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

    Plaintiff,

v

CORRECTIONAL MEDICAL
SERVICES, et al.,

    Defendants.
_____/

Case No. 1:08-cv-576

HON. JANET T. NEFF

## ORDER

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that Defendants' objections (Dkt 55) and Plaintiff's objections (Dkt 59) are DENIED, and the Report and Recommendation (Dkt 53) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 24) and the Motion to Dismiss and/or Motion for Summary Judgment (Dkt 42) are GRANTED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Dkt 21) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation. Specifically, this Court DISMISSES Plaintiff's claims against Defendant Heebsh, and this Court DISMISSES Plaintiff's claims against Dr. Abdellatif, except for Plaintiff's Eighth Amendment claim that Dr. Abdellatif failed to provide him with medical gloves, which the Court permits to go forward.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Belanger and Simmons are DISMISSED WITHOUT PREJUDICE for failure to timely effect service.

Date: March 31, 2009   /s/ Janet T. Neff
JANET T. NEFF
United States District Judge