UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BOULDING,

        Plaintiff,                              Hon. Janet T. Neff

v.                                            Case No. 1:08 CV 576

CORRECTIONAL MEDICAL
SERVICES, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Abdellatif's Motion for Summary Judgment. (Dkt. #67). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and Plaintiff's action **dismissed**.

## BACKGROUND

According to his pleadings, Plaintiff is a disabled prisoner whose medical impairments require that he perform self-catheterization to empty his bladder. Plaintiff alleges that he also suffers from incontinence. The following allegations are contained in his complaint. (Dkt. #1).

From January 9, 2005 through July 2005, Defendants Burtch and Heebsh "forced [Plaintiff] to reuse catheters, causing repeated infection." Defendants Abdellatif, Rich, Belanger, Simmons, and VanSetters likewise "forced [Plaintiff] to reuse catheters on a continuing basis" even after they were informed that such had previously resulted in infection. Plaintiff has failed to indicate the dates on which this alleged conduct occurred. Defendants Abdellatif, Rich, Belanger, Simmons, and

VanSetters also "forced [Plaintiff] to go without diapers [for] ten days" between March 27, 2006, and April 10, 2006.

On October 8, 2007, Plaintiff notified health services that he was suffering from a urinary infection. On December 7, 2007, Plaintiff reiterated that he was suffering from a urinary infection. On December 10, 2007, Plaintiff provided health care with a urine sample. On December 19, 2007, Plaintiff was informed that Dr. Abdellatif "had reviewed the test results, and [determined that] there was no sign of infection." On January 16, 2008, Plaintiff was rushed to a hospital "for treatment of sepsis caused by untreated urinary infection." Plaintiff was later "overdosed" on medication, causing him to again be hospitalized from March 4, 2008, through March 10, 2008.

On January 24, 2008, Plaintiff spoke with Defendant Burdette to request gloves so that he could care for his personal needs without suffering infection. On January 29, 2008, Defendant Burdette informed Plaintiff "that she had received approval from Lansing to give [him] gloves." Seven days later, however, Defendant Burdette "refused to give [Plaintiff] the required gloves, saying it was up to Dr. Abdellatif." On March 10, 2008, Defendant Burdette informed Plaintiff that she had ordered him "finger prophylactics" instead of gloves. On March 11, 2008, Defendant Abdellatif informed Plaintiff that "the decision for gloves was up to" Defendant Burdette. Because of the refusal by Defendants Abdellatif and Burdette to provide Plaintiff with "medically required items" such as gloves and the proper amount of catheters, he subsequently suffered "three more infections."

As a result of filing grievances regarding these events, Plaintiff has been subjected to the following types of harassment: (1) the confiscation of personal property; (2) interference with his personal and legal mail; and (3) improper denial of grievances. Prison officials have also modified Plaintiff's "medical accommodations. . .despite the fact that [his] medical condition has not improved."

Plaintiff initiated the present action on June 18, 2008, against Correctional Medical Services (CMS), as well as the following individuals: Robert Burtch, Karen Peters, Thomas Birkett, Badawi Abdellatif, Mary Berghuis, Rick Smith, Karen Rich, Brenda Belanger, Teresa Simmons, Julie VanSetters, S.H. Heebsh, and Charlotte Burdette. (Dkt. #1). Plaintiff seeks $35,000,000 in damages, as well as various forms of injunctive relief. Plaintiff's claims, save one, have since been dismissed. (Dkt. #53, 63). The only claim remaining in this matter is Plaintiff's claim that Defendant Abdellatif violated his Eighth Amendment rights by failing to provide him with medical gloves to use when he inserts his catheter. Defendant Abdellatif now moves for summary judgment.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue

for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

I.        **Nature of Plaintiff's Claim**

In resolving Defendants' previous motions to dismiss and for summary judgment, the undersigned concluded that Plaintiff had properly exhausted only one of the claims articulated in his complaint, specifically his claim that Defendant Abdellatif failed to supply him with medical gloves. (Dkt. #53 at 3-11). The undersigned interpreted this claim as implicating Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. (Dkt. #53 at 13-14). This interpretation is consistent with the assertions contained in both Plaintiff's complaint and the grievance he pursued concerning this matter. The Honorable Janet T. Neff reached the same conclusion, finding that Plaintiff's claim that Defendant Abdellatif failed to supply him with medical gloves "is interpreted by the Court as implicating Plaintiff's right to be free from cruel and unusual punishment." (Dkt. #63 at 3).

In response to the present motion for summary judgment, however, Plaintiff asserts that the claim in question "is based on retaliation NOT deliberate indifference." Specifically, Plaintiff now asserts that Defendant Abdellatif denied his request for medical gloves in retaliation for Plaintiff having filed Grievance LRF-06-02-00224-12E3, in which Plaintiff asserted that Nurse Simmons refused to supply him with catheters and diapers. (Dkt. #21, Exhibit D).

A review of Plaintiff's complaint reveals that he has not asserted therein a claim that Defendant Abdellatif failed to supply him with medical gloves for retaliatory purposes. Even if Plaintiff's complaint were so interpreted, the undersigned finds that any such claim has not been properly exhausted. As detailed in the previous Report and Recommendation, the only claim that Plaintiff has properly exhausted in his claim that Defendant Abdellatif failed to supply him with medical gloves. This claim was pursued in Grievance LRF-07-05-00766-12I. (Dkt. #21, Exhibit D). A review of this

grievance reveals that Plaintiff did not allege that Defendant Abdellatif denied him medical gloves as a form of retaliation. Instead, Plaintiff simply asserted that Defendant Abdellatif refused to supply him with medical gloves. Thus, even if Plaintiff's complaint is interpreted as asserting a claim that Defendant Abdellatif failed to supply him with medical gloves for retaliatory purposes, such must be dismissed for failure to properly exhaust administrative remedies. Furthermore, even if Plaintiff's complaint is interpreted as asserting such a claim and such claim is held to have been properly exhausted, Defendant Abdellatif is entitled to summary judgment as to such claim.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

As noted above, Plaintiff now asserts that Defendant Abdellatif denied his request for medical gloves in retaliation for Plaintiff having filed a grievance against Nurse Simmons. Even if Plaintiff can satisfy the first two elements of the analysis, he has failed to establish the requisite causal link. In examining the causation element, Plaintiff must establish that the adverse action taken against him was motivated by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue and while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy*

*v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

Plaintiff's claim that Defendant Abdellatif retaliated against him because Plaintiff filed a grievance against another individual is insufficient. In other words, such fails to articulate a chronology of events from which retaliation can plausibly be inferred. Plaintiff has likewise submitted no evidence from which retaliation can plausibly be inferred. The undersigned concludes, therefore, that Plaintiff's alleged retaliation claim is subject to dismissal for failure to state a claim on which relief may be granted. *See, e.g., McMillan v. Fielding*, 136 Fed. Appx. 818, 820-21 (6th Cir., June 7, 2005) (holding that dismissal for failure to state a claim is appropriate where the plaintiff's allegations regarding causation "were purely conclusory") (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)). Defendant Abdellatif is also entitled to relief because he has asserted in his affidavit, (dkt. #67, exhibit B), that he refused Plaintiff's request for medical gloves for reasons unrelated to Plaintiff's protected conduct. *See Eby*, 481 F.3d at 441-42 (if Defendant demonstrates that he "would have taken the same action even without the protected activity," he is entitled to summary judgment).

In sum, for the reasons articulated above, the undersigned recommends that the only claim remaining to be resolved in this matter is Plaintiff's Eighth Amendment claim that Defendant Abdellatif denied his requests for medical gloves. To the extent, however, that Plaintiff's complaint is interpreted as asserting a retaliation claim, the undersigned recommends that Defendant Abdellatif is entitled to relief for the various reasons articulated above.

## II.        Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976). Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).

The analysis by which an official's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the official possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the official "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847).

Furthermore, to the extent Plaintiff merely disagrees with Defendant's treatment decisions or asserts that he received negligent care, such fails to state a claim upon which relief may be granted. *See, e.g., Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment).

Defendant Abdellatif has submitted an affidavit in which he asserts that "gloves are not medically necessary for self-catheterization." (Dkt. #67, Exhibit B). Defendant asserts that "[t]he best protections against infection when self-catheterizing are (a) proper hygiene, including hand washing and washing the urethral area and (b) frequent and complete catheterization." Defendant further asserts that gloves are not medically necessary for the insertion of rectal suppositories. Defendant Abdellatif concludes that "[b]ased on all the information available to me, I chose not to order gloves for Plaintiff for the purposes of self-catheterization and insertion of rectal suppositories." *Id.*

This evidence reveals that Defendant Abdellatif was not deliberately indifferent to Plaintiff's medical needs, but instead considered Plaintiff's request and denied such on the grounds that such was not medically necessary. Plaintiff simply disagrees with Defendant's treatment decision and medical judgment. While such may support a medical malpractice claim, it simply does not implicate the Eighth Amendment. Accordingly, the undersigned recommends that Defendant Abdellatif is entitled to summary judgment.

## **CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendant Abdellatif's Motion for Summary Judgment, (dkt. #67), be **granted** and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 18, 2009

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge